THE HONORABLE JUDGE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MARTA D. LYALL,<br><br>        Plaintiff,<br><br>    v.<br><br>U.S. BANK NATIONAL ASSOCIATION; TRUMAN TITLE 2013 SC3 TITLE TRUST; TRUMAN CAPITAL ADVISORS, LP; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; BANK OF AMERICA, N.A.; DITECH HOME LOAN SERVICING; CWABS MASTER TRUST, REVOLVING HOME EQUITY LOAN ASSET BACKED NOTES, SERIES 2004-"O"; CARNEGIE MELLON UNIVERSITY; UNIVERSITY OF WASHINGTON; WASHINGTON STATE DEPARTMENT OF COMMERCE; DISPUTE RESOLUTION CENTER OF KING COUNTY; and JOHN AND JANE DOES 1-100,<br><br>        Defendants. | Case No: 17-00472-RAJ<br><br>**ORDER** |

    This matter comes before the Court on Defendants Rushmore Loan Management Services, LLC ("Rushmore"), and U.S. Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust's (erroneously sued as U.S. Bank National Association, Truman Title 2013 SC3 Title Trust, Truman Capital Advisors, L.P.; hereinafter the "Loan

Trust") Motion to Dismiss. Dkt. # 15. Plaintiff did not file a response in opposition to the motion, and therefore the Court considers this an admission that the motion has merit. Local Rules W.D. Wash. LCR 7(b)(2). The Court therefore **GRANTS** Defendants' motion. Dkt. # 15.

Plaintiff made the choice to file and pursue this lawsuit. With her decision comes the responsibility to review the local rules, this Court's rules, the Standing Order, and federal court procedure generally.[1] Though the Court offers some leeway to *pro se* plaintiffs, it expects these plaintiffs to abide by all rules and deadlines. That Plaintiff failed to monitor her spam folder during an active lawsuit that she initiated is not a justification or an excuse for a missed deadline. Similarly, that Plaintiff has a career and must "do many other things" is not unique; if Plaintiff wishes to pursue her claims in this forum, then she must do so in a responsible manner. Therefore, her untimely request for an extension of time to respond to Defendants' motion is **DENIED**.[2]

//
//
//
//
//
//
//
//

---

[1] Plaintiff may find the Court's website helpful in this regard:
http://www.wawd.uscourts.gov/representing-yourself-pro-se

[2] The Court further reminds the parties that they must meet and confer prior to filing any future motions. This rule is clearly stated in the Court's Standing Order; the Court construes this rule strictly and may exercise its discretion to strike motions that are filed in violation of this requirement.

ORDER - 2

Plaintiff may amend a pleading once as a matter of course within 21 days after service. Fed. R. Civ. P. 15(a)(1)(A). Plaintiff filed her initial complaint on March 23, 2017. Dkt. # 7. Because she is outside this 21-day deadline, she may only amend her complaint "with the opposing party's consent or the court's leave." Fed. R. Civ. P. 15(a)(2). It appears Plaintiff filed a motion to amend her complaint but incorrectly noted the motion for June 2, 2017. Dkt. # 19. The Clerk renoted the motion for June 16, 2017. The Court **RESERVES** ruling on the motion to amend until the parties have had the chance to fully brief the issues.

Dated this 6th day of June, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 3