THE HONORABLE JUDGE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MARTA D. LYALL, | ) |
| Plaintiff, | ) Case No: 17-00472-RAJ |
| v. | ) ORDER |
| U.S. BANK NATIONAL ASSOCIATION; TRUMAN TITLE 2013 SC3 TITLE TRUST; TRUMAN CAPITAL ADVISORS, LP; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; BANK OF AMERICA, N.A.; DITECH HOME LOAN SERVICING; CWABS MASTER TRUST, REVOLVING HOME EQUITY LOAN ASSET BACKED NOTES, SERIES 2004-"O"; CARNEGIE MELLON UNIVERSITY; UNIVERSITY OF WASHINGTON; WASHINGTON STATE DEPARTMENT OF COMMERCE; DISPUTE RESOLUTION CENTER OF KING COUNTY; and JOHN AND JANE DOES 1-100, | ) |
| Defendants. | ) |

This matter comes before the Court on Plaintiff's Motion to Amend her Complaint. Dkt. # 19. The financial defendants and Defendant University of Washington (UW) oppose any amendment. Dkt. ## 20, 34.

ORDER - 1

Amendment to pleadings is governed by Federal Rule of Civil Procedure 15(a). Rule 15(a) "provides that a party's right to amend as a matter of course terminates 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." *Montz v. Pilgrim Films & Television, Inc.,* 606 F.3d 1154, 1159 n. 1 (9th Cir. 2010); Fed. R. Civ. P. 15(a)(1)(B). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate a decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez,* 942 F.2d 617, 628 (9th Cir. 1991); *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). Further, the policy of favoring amendments to pleadings should be applied with "extreme liberality." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

Against this extremely liberal standard, the Court may deny leave to amend after considering "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). But "[n]ot all of the factors merit equal weight ... it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing amendment bears the heavy burden of overcoming this presumption. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Defendants argue that Plaintiff's proposed amended complaint adds little to her lawsuit. Dkt. ## 20, 34. However, Defendants are not prejudiced by the amendment. The Court's Order granting the financial defendants' motion to dismiss was not based on

the merits of that motion, and therefore an amendment will not affect that Order or the pending appeal. Additionally, UW references the amended complaint in its Motion to Dismiss, and therefore the Court is able to rule on that motion without requiring UW to file an additional motion.

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to amend her complaint. Plaintiff has already filed her Proposed Amended Complaint. Dkt. # 16. The Court now considers this Amended Complaint to be the operative complaint in this lawsuit. The Court **INSTRUCTS** the Clerk to strike the word "Proposed" from the docket entry so that the docket accurately reflects the operative complaint.

Dated this 13th day of June, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge