UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MARTA D. LYALL,

               Plaintiff,

     v.

U. S. BANK NATIONAL ASSOCATION, et al.,

               Defendants.

CASE NO. C17-472 RAJ

ORDER ON REVIEW OF REFUSAL TO RECUSE

     THIS MATTER comes before the Court on Plaintiff's motion to recuse U.S. District Judge Richard A. Jones. Dkt. #43. Upon review of the motion, Judge Jones declined to recuse himself. Dkt. #44. In accordance with the Local Rules of this District, Plaintiff's motion was referred to the Undersigned for a review of Judge Jones's refusal to recuse. LCR 3(e).

     Plaintiff bases her motion to recuse, generally, on two grounds. The first is a series of adverse rulings that Judge Jones has issued in her case (*see* Dkt. #43 at 3); the second is various aspects of Judge Jones' alleged background prior to assuming his duties as a federal judge (*see id.* at 3-4).

     Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify himself in any proceeding in which his impartiality "might reasonably be questioned." Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a

party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1).

Under both 28 U.S.C. §144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir.1993). This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.1992); *United States v. Conforte*, 624 F.2d 869, 881 (9th Cir.1980). In *Liteky v. United States*, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Id*. at 555.

The fact that Judge Jones has issued rulings unfavorable to Plaintiff's position is not grounds for recusal. If Plaintiff believes that Judge Jones has ruled in error, she is entitled (at the appropriate time) to challenge those rulings on appeal. Her belief that Judge Jones should not have ruled against her is insufficient to form the basis of a valid request for recusal.

Second, Plaintiff cites several facts about Judge Jones' background as evidence of bias or impartiality: (1) he is an alumnus of the University of Washington (a defendant in her lawsuit) Law School; (2) he worked for the King County Prosecutor's Office from 1974-1978; and (3) he worked (at an unspecified time) for the law firm of Bogle and Gates. Dkt. #43 at 3-4.

The allegation regarding the University of Washington is unadorned; *i.e.*, Plaintiff cites no other fact implying a connection or possible bias than that the presiding judge attended the institution (more than 40 years ago, since he was employed as a lawyer at least by 1974 by Plaintiff's account). This is an unremarkable fact which does not give rise to even an appearance of bias or impartiality.[1]

Plaintiff's next allegation concerns Judge Jones' employment in the King County Prosecutor's Office from 1974 – 1978. She notes that "[t]his is a period when the subject of the Plaintiff's film, Carl L. Harp, a national figure, had just been wrongly convicted, and given four life sentences, and his appeals were active." Dkt. #43 at 3-4. Setting aside the unsupported conclusory opinion regarding Mr. Harp's "wrongful conviction," Plaintiff produces no evidence that Judge Jones was in any way connected to that prosecution. Her only remaining allegations on this topic concern a former U.S. Marshal, Mark Ericks, and are so tangential to Judge Jones and her current lawsuit as to be meaningless. Her final observation ("It is unknown if Judge Jones is communicating with Mr. Ericks or his supporters") sums up the irrelevant, speculative nature of her assertions.

Finally, Plaintiff points to Judge Jones' prior employment with the Bogle and Gates law firm. She makes a series of unsupported allegations about the firm ("largest Defendants (*sic*) firm in Seattle," "extremely conservative and pro-business and banks") and draws the conclusion that "[a]nyone from the firm would be biased towards a case where large banks are being challenged."

---

[1] Plaintiff also makes a factually-unsupported allegation that "UW is a major employer of lawyers around the city (*sic*) of Seattle. It is nearly impossible to find an attorney who is willing to oppose them as they fear the loss of future earnings." (*Id.* at 3.) What this conclusory statement has to do with the impartiality of a federal judge who is not dependent on the University of Washington for his employment is unclear.

ORDER ON REVIEW OF REFUSAL TO RECUSE- 3

*Id.* Even setting aside the complete lack of proof of her assertions about the firm (which, the Court takes judicial notice, was dissolved in 1999), her sweeping generalized opinion that "anyone" who had worked at the firm would be biased against her is unpersuasive and (again) uncorroborated by any facts from her case.

Bias is almost never established simply because the judge issued adverse rulings against a party. In order to establish bias on the part of the presiding judge, Plaintiff would have to show that facts outside the record influenced Judge Jones' decisions or that the judge's rulings were so irrational that they must be the result of prejudice. Plaintiff does not allege any facts on the record which tend to demonstrate that events outside the record improperly influenced the decisions in this matter. Outside of her general, conclusory accusations, Plaintiff cites to no specific rulings that are either outlandish or irrational or in any way give rise to an inference of bias.

The Court finds no evidence upon which to reasonably question Judge Jones's impartiality and AFFIRMS his denial of Plaintiff's request that he recuse himself.

The Clerk SHALL provide copies of this Order to Plaintiff and to all counsel of record.

Dated this 16th day of June, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE