THE HONORABLE JUDGE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| MARTA D. LYALL, ) | |
| ) | Case No: 17-00472-RAJ |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| U.S. BANK NATIONAL ) | |
| ASSOCIATION; TRUMAN TITLE 2013 ) | |
| SC3 TITLE TRUST; TRUMAN ) | |
| CAPITAL ADVISORS, LP; ) | |
| RUSHMORE LOAN MANAGEMENT ) | |
| SERVICES, LLC; BANK OF AMERICA,) | |
| N.A.; DITECH HOME LOAN ) | |
| SERVICING; CWABS MASTER ) | |
| TRUST, REVOLVING HOME EQUITY ) | |
| LOAN ASSET BACKED NOTES, ) | |
| SERIES 2004-"O"; CARNEGIE ) | |
| MELLON UNIVERSITY; UNIVERSITY ) | |
| OF WASHINGTON; WASHINGTON ) | |
| STATE DEPARTMENT OF ) | |
| COMMERCE; DISPUTE RESOLUTION ) | |
| CENTER OF KING COUNTY; and ) | |
| JOHN AND JANE DOES 1-100, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This Court is in receipt of Plaintiff's Letter to the Court seeking permission to file several motions. Dkt. # 51. The Court is also aware of Plaintiff's *ex parte* communications with the Court seeking relief from the Court's restriction on filing.

MINUTE ORDER - 1

Plaintiff's prior conduct, outlined in docket 48, necessitated the Court's action in requiring her to seek permission before filing additional motions. The Court would impose the same restriction on any party who abuses the Court's filing practices. For these reasons the Court will continue to require Plaintiff to seek permission before filing any future motions and denies her request to lift the restriction.

The Court finds that Plaintiff's Letter meets the standards prescribed by the Court's June 14, 2017 Order. The Court responds to Plaintiff's requests as follows:

New Motion for Reconsideration of Dkt. # 21: **DENIED**. Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." Local R. W.D. Wash. ("LCR") 7(h)(1). Plaintiff cannot allege new evidence beyond the fact that the Ninth Circuit has dismissed her appeal for lack of jurisdiction. The fact remains that Plaintiff failed to respond to Defendants' motion to dismiss. Furthermore, Plaintiff's proposed motion would be moot because the Court has allowed Plaintiff to amend her complaint. Therefore, the Court will no longer consider, or in this case reconsider, motions premised upon Plaintiff's initial complaint.

New Motion for Reconsideration of Dkt. # 9: **DENIED**. Plaintiff's proposed motion for reconsideration of this Court's denial is also moot. That TRO was based on the operative complaint, which is no longer operative. There are no new facts that the Court can consider with regard to that Order.

New TRO based upon Plaintiff's Amended Complaint: **GRANTED**. Plaintiff may filed a new TRO based upon her Amended Complaint. Defendants shall have time to respond pursuant to the Local Rules.

Financial defendants are not yet dismissed: The financial defendants' motion to dismiss was based upon Plaintiff's first complaint. They have not yet moved the Court to

dismiss the relevant claims raised in Plaintiff's Amended Complaint.

Dated this 19th day of June, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge