**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| MARTA D. LYALL, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. BANK NATIONAL ) <br> ASSOCIATION; TRUMAN TITLE 2013 ) <br> SC3 TITLE TRUST; TRUMAN ) <br> CAPITAL ADVISORS, LP; ) <br> RUSHMORE LOAN MANAGEMENT ) <br> SERVICES, LLC; BANK OF AMERICA,) <br> N.A.; DITECH HOME LOAN ) <br> SERVICING; CWABS MASTER ) <br> TRUST, REVOLVING HOME EQUITY ) <br> LOAN ASSET BACKED NOTES, ) <br> SERIES 2004-"O"; CARNEGIE ) <br> MELLON UNIVERSITY; UNIVERSITY ) <br> OF WASHINGTON; WASHINGTON ) <br> STATE DEPARTMENT OF ) <br> COMMERCE; DISPUTE RESOLUTION ) <br> CENTER OF KING COUNTY; and ) <br> JOHN AND JANE DOES 1-100, ) <br> ) <br> Defendants. ) <br> ) | Case No: 17-00472-RAJ <br><br> ORDER |

This matter comes before the Court on the Motion for Reconsideration of

Defendants Rushmore Loan Management Services, LLC and U.S. Bank National

Association as Legal Title Trustee for Truman 2013 SC3 Title Trust (erroneously sued as

U.S. Bank National Association, Truman Title 2013 SC3 Title Trust, Truman Capital

ORDER - 1

Advisors, L.P.). Dkt. # 69. "No response to a motion for reconsideration shall be filed unless requested by the court." Local R. W.D. Wash. ("LCR") 7(h). The Court did not request a response from Plaintiff and for this reason denies Plaintiff's request for leave to file a response. Dkt. # 72.

Motions for reconsideration are disfavored and will be granted only upon a "showing of manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." LCR 7(h)(1). Defendants' excuses for not responding to Plaintiff's TRO do not rise to this standard. First, Defendants fault the Court for not editing the noting date on the TRO. Dkt. # 69 at 2. But Defendants concede that they were notified of the TRO when it was filed on Thursday, June 22. *Id.* Furthermore, Defendants were intimately familiar with this Court's TRO practices, as well as the *pro se* Plaintiff's litigation practices, as they had witnessed and responded to earlier TROs in this matter. *See, e.g.*, Dkt. ## 2, 26, 28, 31; *see also* Dkt. # 69 (admitting that Defendants recognize the Court's local rules regarding TRO noting dates and the responsibility to respond).[1]

Second, Defendants argue that the Court did not expressly invite them to respond to the TRO. Dkt. # 69 at 2. However, Defendants are aware of the Court's Local Rule that requires parties to notify the Court within 24 hours of a TRO whether the parties will oppose the TRO. LCR 65(b)(5) ("[T]he adverse party *must* (1) file a notice indicating whether it plans to oppose the motion within twenty-four hours after service of the motion[ ] . . .") (emphasis added). The Court finds Defendants' arguments unpersuasive; it is unproductive to place blame on the Court for not informing Defendants or their competent counsel of the responsibility to respond to a TRO.

Third, Defendants claim that the Court should have exercised its extrasensory

---

[1] The Court further notes that if Defendants had any confusion, they should have sought guidance from the Court. The Court discourages Defendants from employing a "wait and see" approach to federal court litigation.

perception abilities to know that Defendants oppose this TRO. Dkt. # 69 at 3. Defendants essentially argue that because they opposed the prior TROs, and because they decided—internally—that the Amended Complaint "changes virtually nothing insofar as the substantive allegations," the Court should have merely ruled the same way it has in the past. *Id.* This is an absurd argument. The Court is not an advocate for either party. This is clearly a case where Defendants bore responsibility to file the proper responsive pleading and for whatever reason failed to do so.

Finally, Defendants argue that if the Court denies the Motion, then the Court should require Plaintiff to "pay to the clerk of the court the sums that would be due on the obligation secured by the deed of trust if the deed of trust was not being foreclosed[.]" RCW 61.24.130(1). Defendants further argue that the Court may condition the TRO "upon the giving of security by the applicant[.]" *Id.* The Court agrees. **Therefore, the Court orders Plaintiff to comply with RCW 61.24.130(1) by depositing $1,609.23 into the Court Registry no later than 11:59 p.m. P.D.T. on June 29, 2017. Plaintiff's failure to do so shall permit the foreclosure trustee to proceed with sale of the real property located at 1001 N.W. 175th St., Shoreline, WA 98177 without further order of this Court.** If Plaintiff deposits the $1,609.23 payment into the Court Registry as specified, then the clerk is instructed to schedule a preliminary injunction hearing in this matter.

Accordingly, the Court **GRANTS in part and DENIES in part** Defendants' Motion for Reconsideration. Dkt. # 69.

Dated this 28th day of June, 2017.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge