THE HONORABLE JUDGE RICHARD A. JONES

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

MARTA D. LYALL,

        Plaintiff,

   v.

U.S. BANK NATIONAL ASSOCIATION; TRUMAN TITLE 2013 SC3 TITLE TRUST; TRUMAN CAPITAL ADVISORS, LP; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; BANK OF AMERICA, N.A.; DITECH HOME LOAN SERVICING; CWABS MASTER TRUST, REVOLVING HOME EQUITY LOAN ASSET BACKED NOTES, SERIES 2004-"O"; CARNEGIE MELLON UNIVERSITY; UNIVERSITY OF WASHINGTON; WASHINGTON STATE DEPARTMENT OF COMMERCE; DISPUTE RESOLUTION CENTER OF KING COUNTY; and JOHN AND JANE DOES 1-100,

        Defendants.

Case No: 17-00472-RAJ

ORDER

    This matter comes before the Court on Plaintiff's Motion to Appoint Counsel. Dkt. # 93.  Generally, a person has no right to counsel in civil actions.  *See Storseth v. Spellman,* 654 F.2d 1349, 1353 (9th Cir. 1981).  However, a court may under "exceptional circumstances" appoint counsel for indigent civil litigants pursuant to 28

ORDER - 1

U.S.C. § 1915(e)(1).  *Agyeman v. Corrs. Corp. of Am.,* 390 F.3d 1101, 1103 (9th Cir. 2004).

When determining whether "exceptional circumstances" exist, a court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate [her] claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983).  A plaintiff must plead facts that show she has an insufficient grasp of her case or the legal issue involved and an inadequate ability to articulate the factual basis of her claim.  *Agyeman,* 390 F.3d at 1103.  Although most parties would benefit from representation by an attorney, that is not the standard for appointment of counsel in a civil case.  *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (finding that a *pro se* litigant may be better served with the assistance of counsel is not the test).  Plaintiff must show *exceptional* circumstances.

The Court finds that no exceptional circumstances warrant the appointment of counsel in this matter.  Plaintiff appears to have a sufficient grasp of her case in light of the volume of briefs she has filed since commencing litigation.  It is abundantly clear to the Court that Plaintiff understands the factual bases and nuances of her claims and has articulated this to the Court.  Based on Plaintiff's representations, it appears that she may require administrative assistance in typing and preparing documents rather than legal assistance.  Furthermore, the Court finds that Plaintiff is unlikely to succeed on the merits of her claims and therefore does not find appointing counsel appropriate in this matter.

Accordingly, Plaintiff's Motion is **DENIED**.  Dkt. # 93.
Dated this 14th day of July, 2017.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 2