THE HONORABLE JUDGE RICHARD A. JONES

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARTA D. LYALL,<br><br>        Plaintiff,<br><br>   v.<br><br>U.S. BANK NATIONAL ASSOCIATION; TRUMAN TITLE 2013 SC3 TITLE TRUST; TRUMAN CAPITAL ADVISORS, LP; RUSHMORE LOAN MANAGEMENT SERVICES, LLC; BANK OF AMERICA, N.A.; DITECH HOME LOAN SERVICING; CWABS MASTER TRUST, REVOLVING HOME EQUITY LOAN ASSET BACKED NOTES, SERIES 2004-"O"; CARNEGIE MELLON UNIVERSITY; UNIVERSITY OF WASHINGTON; WASHINGTON STATE DEPARTMENT OF COMMERCE; DISPUTE RESOLUTION CENTER OF KING COUNTY; and JOHN AND JANE DOES 1-100,<br><br>        Defendants. | Case No: 17-00472-RAJ<br><br>ORDER |

This matter comes before the Court on Defendants Rushmore Loan Management Services, LLC ("Rushmore"), and U.S. Bank National Association as Legal Title Trustee for Truman 2013 SC3 Title Trust's (erroneously sued as U.S. Bank National Association, Truman Title 2013 SC3 Title Trust, Truman Capital Advisors, L.P.; hereinafter the "Loan

ORDER - 1

Trust") Motion to Dismiss. Dkt. # 87. Plaintiff filed a late response in opposition to the motion that far exceeds the page limitations dictated by this Court's Local Rules. LCR 7(e)(3) (limiting Plaintiff's response to twenty-four pages). Therefore, when considering the response, the Court may exercise its discretion to limit its inquiry to the first twenty-four pages. The Court is also in receipt of the parties' briefs arguing whether the Court should convert the TRO into a preliminary injunction, as well as Plaintiff's request for extension of time to file her response to the motion to dismiss. Dkt. ## 92, 96, 97.

Having reviewed the briefs, relevant portions of the record, and the applicable law, the Court **GRANTS** Defendants' motion to dismiss. Dkt. # 87. The Court **DISSOLVES** the injunction.

## I. BACKGROUND

The parties are well versed in the relevant history of this case. At issue is whether Plaintiff has properly alleged her claims against Defendants. Moreover, the Court must determine whether the TRO currently in place should convert into a preliminary injunction.

## II. LEGAL STANDARD

Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. The rule requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). A court "need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). If the plaintiff succeeds, the complaint avoids dismissal if there is "any set of facts consistent with the allegations in the

complaint" that would entitle the plaintiff to relief. *Id.* at 563; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

A court typically cannot consider evidence beyond the four corners of the complaint, although it may rely on a document to which the complaint refers if the document is central to the party's claims and its authenticity is not in question. *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). A court may also consider evidence subject to judicial notice. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

### III. DISCUSSION

In her Amended Complaint, Plaintiff lodges claims against Defendants to quiet title, for fraud, and for violations of the Racketeer Influenced and Corrupt Organizations Act (RICO). Dkt. # 16 (Amended Complaint) at 24-53.

#### A. Quiet Title

"Any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in" court. RCW 7.28.010 (describing who may maintain such actions). "The plaintiff in an action to quiet title must succeed on the strength of his own title and not on the weakness of his adversary." *Desimone v. Spence*, 318 P.2d 959, 961 (1957); *see also Robertson v. GMAC Mortg. LLC*, 982 F.Supp.2d 1202, 1208 (W.D. Wash. 2013).

Plaintiff's quiet title action fails as a matter of law because she has defaulted on the mortgage. Dkt. # 16 (Amended Complaint) at 26-27. Her Amended Complaint seeks to invalidate her mortgage agreement due to a fraudulent scheme allegedly devised by Defendants. However, even if these facts were true, they do not give credence to a claim for quiet title when Plaintiff does not have superior title. Therefore, the Court **DISMISSES** the quiet title claims as alleged against Defendants.

#### B. Claims for Fraud

When alleging claims for fraud, a plaintiff is held to a higher pleading standard.

She must "state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Plaintiff wholly fails to meet this standard in her Amended Complaint. She does not plead the "'who, what, when, where, and how' of the misconduct charged." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)). Defendants are not on "notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong." *Id.* (internal quotations and citations omitted). Therefore, the Court **DISMISSES** the fraud claims as alleged against Defendants.

    C. RICO Claims

To allege a civil RICO claim, Plaintiff must prove the following elements: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's 'business or property.'" *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005) (quoting *Grimmitt v. Brown*, 75 F.3d 506, 510 (9th Cir. 1996)).

Plaintiff fails to link these Defendants to an enterprise, and it is unclear what predicate acts—that involve these Defendants—Plaintiff attempts to prove. *See generally* Dkt. # 16 (Amended Complaint). Plaintiff's Amended Complaint does not sufficiently allege a RICO claim against Defendants. Therefore the Court **DISMISSES** the claim as against Defendants.

    **IV.    CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss without leave to amend. Dkt. # 87. Because the claims fail on their merits as against these Defendants, the Court will not convert the TRO into a preliminary injunction. This order acts to dissolve the injunction currently in place.

The clerk is authorized and directed to draw a check(s) on the funds deposited in the registry of this court in the principal amount of $1,610.00 plus all accrued interest, minus any statutory users fees, payable to Defendants and mail or deliver the check(s) to Defendants. Local Rules W.D. Wash. LCR 67(b). **Within five (5) days from the date of this Order, Defendants shall provide the clerk with the mailing addresses, social security numbers, or tax identification numbers of the disbursement recipients.**

Dated this 17th day of August, 2017.

The Honorable Richard A. Jones
United States District Judge